Law Offices
# GOLDSTEIN & WEINSTEIN
888 GRAND CONCOURSE
BRONX, NEW YORK 10451

DAVID J. GOLDSTEIN  
BARRY A. WEINSTEIN

TEL: (718) 665-9000  
FAX: (718) 665-9147

March 18, 2013

**BY ELECTRONIC FILING**

Honorable George B. Daniels  
United States District Judge  
Southern District of New York  
500 Pearl Street  
New York, New York 10007

    Re:    United States v. Henry Collado  
            Docket No. S3 08 Cr. 00857-16 (GBD)

Dear Judge Daniels:

    I write this letter to set forth the defendant's objections to and comments upon the Pre-sentence report (hereinafter "PSR"), and to provide additional information and documentation concerning the defendant, his family circumstances and his background that are not fully detailed or documented in the report.

    With the decision of the United States Supreme Court, invalidating the Sentencing Guidelines as a mandatory sentencing scheme, as well as the decision of the Second Circuit in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), this Court has the discretion to impose any "reasonable" sentence in this case, since there is no mandatory minimum sentence required for the crime of conviction. The Booker/Fanfan, Crosby decisions refer the court to Title 18 U.S.C. § 3553 (a), for a list of factors to be considered in making a determination as to what sentence constitutes a "reasonable" sentence.

    The Second Circuit has refused to adopt any presumption, rebuttable or

Honorable George B. Daniels
March 18, 2013
Page 2

otherwise, that a guideline sentence is reasonable. <u>United States v. Fernandez</u>, 443 F.3d 19, 27 (2d Cir. 2006). Further, the court should not apply the advisory guidelines as a "per se" standard of reasonableness. <u>United States v. Rita</u>, 127 S.Ct. 2456, 2465 (2007). This court, being in a far better position to evaluate the sentencing factors relative to this particular defendant, may reasonably determine that the Advisory Guideline sentencing range is greater than necessary, and therefore, unreasonable in this case. <u>Kimbrough v. United States</u>, 128 S.Ct. 558, 574-75 (2007).

In this case, we believe that in light of the defendant's family circumstances, to wit, the sole caretaker of his aged and infirm parents as set forth hereinafter, his age, lack of any prior criminal record, exemplary work background, his minor role in the offense, which was aberrant and the length of time between the offense and sentence, a sentence of time served or home confinement is reasonable and appropriate here.

### A. **The Offense conduct.**

The PSR (¶ "22.") relates, presumably based upon information provided by the Government, that the defendant was one of the individuals who was provided narcotics by Jose Cerda and/or Horace Lindo. That statement is totally inaccurate.

The defendant never received or distributed cocaine, had no customers and never picked up money from any distributors of cocaine. His role in this offense was simply to act as a driver on one occasion when Yeffri Garcia, a co-worker, asked him to do a favor and drive Garcia to New Jersey.

Unbeknownst to Mr. Collado until they were actually en route, Samuel Reyes and Mr. Garcia had made arrangements to pick up a substantial quantity of cocaine. Mr. Collado was not smart enough to leave at that point.

Further, Mr. Collado did not deliver drugs to anyone, as asserted in the

Honorable George B. Daniels
March 18, 2013
Page 3

PSR (¶ 31). Rather, he dropped Mr. Reyes off once they returned to New York City. What Mr. Reyes did after he was dropped of had nothing to do with Mr. Collado.

This was the one and only instance of his involvement in any illegal activity. He never again did any favors for anyone, and certainly did nothing to intentionally engage in any prohibited conduct, and it most be pointed out that this conduct occurred more than four (4) years ago.

### B. The defendant's bacground.

As detailed in the PSR, the defendant was born and raised in New York City, went to school here, and has lived here his entire life. He suffers from a learning disability (¶ "65.), and as result was placed in special education at an early age in Brooklyn.

He dropped out of school when he was 13 years old because of numerous factors. First, the school he was sent to was afflicted by violent behavior and the defendant was extremely fearful for his safety. In addition, he needed money to help support his family.

Consequently, he began to work at a very young age. The PSR verifies that beginning in 1992, when he was 22, until January 2013, he was employed by the same company, Fulton AA Refrigeration, as an appliance repairman. He recently left that job to obtain a better paying job and because his former employer advised him that he would have to take a pay cut.

### C. The defendant's family circumstances.

The defendant, as reflected in the PSR, lives with and takes care of his parents, who both suffer from debilitating medical conditions. His father, Antonio, suffers from dementia and numerous other medical issues ("Exhibit

Honorable George B. Daniels
March 18, 2013
Page 4

A"), and according to conversations I have had with the defendant and other family members, is incapable of going out on his own. On those occasions, he attempted to go the neighborhood bodega, he became disoriented and unable to find his way home. The defendant's mother, Maria suffers from cancer, kidney and other diseases which have incapacitated her ("Exhibit B").

The defendant shops for his mother and father. He cares for them when he comes home from work. He helps clean the apartment as well. He is the person who is responsible for taking both his mother and father to all of their medical appointments ("Exhibit C"). He also provides financial assistance to them.

Were he incarcerated, his mother and father would be left to the sole care of health care providers. His siblings are either unwilling, or unable to provide them with the regular care that he does.

There would also be other disastrous consequences for the defendant. As the PSR notes (¶ "68."), the defendant lived for a period of time from 2005-2007 in the Dominican Republic. While there, he met and "married" Brigida Valdez, and they have two (2) young children. The defendant not only provides financial support for his children, but has already planned for a applied for visas to allow his wife and children to come to this country legally and to live here ("Exhibit D").

There is simply no way his wife and children could come here if the defendant is incarcerated. They would have no means of support and no place to live. Alternatively, were they to remain in the Dominican Republic, they will face extreme financial difficulty without the support the defendant provides.

While we are not asking for a downward departure based upon the defendant's family circumstances, which is prohibited by the defendant's plea agreement, we most respectfully suggest that the defendant's family situation

Honorable George B. Daniels
March 18, 2013
Page 5

is nevertheless, extraordinary, as that term is defined in U.S.S.G. § 5K2.0, as well as the decisions of the Second Circuit which have approved departures predicated upon family circumstances. The court can certainly consider those circumstances in deciding to impose a non guideline sentence.

The Court's authority to downwardly depart based upon extraordinary family circumstances, and thus to support a variance from the guidelines, is "long established." United States v. Brown, 98 F.3d 690, 694 (2d Cir. 1998); United States v. Londono, 76 F.3d 33, 36 (2d Cir. 1996).

Such a departure is appropriate if based upon the medical condition of the defendant or other family member; where there are minor children involved and where these children require special care, or where economic hardships require such action for the benefit of the remaining family members. United States v. Martinez, 207 F.3d 133 (2d Cir. 2000); United States v. Faria, 161 F.3d at 762 (2d Cir.). See also, United States v. Galante, 111 F.3d 1029 (2d Cir. 1997); United States v. Johnson, 964 F.2d 124 (2d Cir. 1992); United States v. Alba, 933 F.2d 1112, 1117 (2d Cir. 1991).

Here, the defendant is a major contributor to the economic support of his wife and children. He has already applied for permission for the family to come to this country, which could not happen if he is in jail. His wife and children would have no income and no place to live. Equally problematic, would be the care of his aged and infirm parents, who would have no one to care for them.

The defendant relies on United States v. Johnson, 964 F.2d 124 (2d Cir. 1992), in which the Court of Appeals explained that "extraordinary family circumstances were [a] valid reason for downward departure in the instant case considering that the defendant was responsible for the upbringing of four children . . . "See also: United States v. Alba, 933 F.2d 1117, 1122 (2d Cir. 1991); United States v. Pena, 930 F.2d 1486, 1495 (10th Cir. 1991); United States v.

Sharpsteen, 913 F.2d 59, 63 (2ndCir. 1990); United States v. Jackson, 756 F.Supp. 23, 27 (D.C. 1991); United States v. Handy, 752 F.Supp. 563-64 (E.D.N.Y. 1990).

The circumstances presented here do not fall within the category of cases where it can be said that the harm to the defendant's family is insubstantial and a departure would primarily benefit the defendant. United States v. Sprei, 145 F.3d 528 (2d Cir. 1998). Rather, these facts demonstrate the kinds of circumstances which produce an exceptional hardship sufficient to justify departure. United States v. Tejeda, 146 F.3d 84, 87-88 (2d Cir. 1997).

## D. Aberrant Conduct

Furthermore, for all of the reasons set forth hereinabove, we most respectfully submit that Mr. Collado also qualifies for a guidelline variance based upon the aberrational nature of his commission of this crime. United States v. Schmick, 21 F.3d 11, 12 (2d Cir. 1994). Again, we are not requesting a downward departure, which is prohibited by the plea agreement.

A single act of aberrant conduct provides a sentencing court with the authority to depart. United States v. Ritchey, 949 F.2d 61, 63 (2d Cir. 1991). The circumstances of the defendant's commission of this crime demonstrate that it was aberrational, in that the conduct was limited to a single occurrence, was committed without planning by the defendant, was of extremely limited duration and represented a marked deviation from his otherwise law abiding life. United States v. Castellanos, 355 F.3d 56, 58 (2d Cir. 2003).

We most respectfully suggest that a consideration of the defendant's involvement here represents aberrant conduct. It occurred only once, certainly without planning, and was a marked deviation from his life before and after.

Honorable George B. Daniels
March 18, 2013
Page 7

### E. Sentencing Recommendation

It is respectfully suggested that a sentence of time served, or home detention to allow the defendant to continue to work and care for his parents, and to provide for his wife and children, which is substantially below the minimum guideline sentence, is appropriate here.

We believe the defendant's family circumstances are so unusual as to justify the variance. He is a major contributor to the economic survival of the family unit. He is trying to arrange for his wife and children to come to reside with him in this country. He also literally keeps his parents alive.

The sentence requested her is also justified by his exemplary work background, lack of any prior criminal record and his role in the offense. He was certainly a minor player in this narcotics activity, and we would have requested a minor role adjustment had he pled to narcotics conduct. Equally important, this conduct occurred four (4) years ago.

A non-guideline sentence is also justified by the defendant's lack of any prior criminal record and by the parsimony clause of Title 18 U.S.C. § 3553.

There is obviously no need for incarceration to promote individual deterrence for the reasons previously set forth herein. Similarly, we do not believe that the defendant's incarceration is necessary to provide general deterrence or to promote respect for the law under these circumstances.

Honorable George B. Daniels
March 18, 2013
Page 8

    Thank you for your consideration.

                                    Respectfully yours,

                                    David J. Goldstein

cc:    AUSA Edward Y. Kim
       by electronic mail
       w/encs.